LEVI WILCOXON, appellant, v. WILLIAM ROBY, appellee.

*Appeal from Stephenson.*

A. sued B. in an action of debt upon a penal bond executed by the parties, in which they mutually bound themselves that each would desist from all interference with a certain tract of Government land to which both had previously set up a claim, until the merits of their respective claims could be settled and adjusted: *Held*, that an action was maintainable for the breach of the condition.

A verdict and judgment for damages only, in an action of debt, was *held*, as heretofore, to be erroneous.

Damages cannot be assessed in an action of debt, unless the debt be first found.

After a jury has returned a verdict and been discharged, a defect in the verdict cannot be corrected in the Circuit Court.

DEBT, in the Stephenson Circuit Court, brought by the appellee against the appellant, and heard before the Hon. Thomas C. Browne and a jury, when a verdict was rendered for the plaintiff below for $400 *damages*, and judgment accordingly.

*T. Campbell, A. Lincoln,* and *M. Y. Johnson,* for the appellant.

*J. B. Thomas,* for the appellee.

The Opinion of the Court was delivered by

PURPLE, J.*   Roby sued Wilcoxon in the Circuit Court of Stephenson county in an action of debt upon a penal bond executed by him and Wilcoxon, respectively binding themselves each to the other in the penalty of one thousand dollars, conditioned that each would desist from all interference with a certain tract of Government land, to which both had previously set up a claim, until the merits of their respective claims could be settled and adjusted between them.

---

* THOMAS, J. having been of counsel in this Court, took no part in the decision of this case.

The declaration was upon this bond assigning various breaches of its conditions.

Several pleas and replications appear in the record, most of which we think are defective, either in form or substance; in consequence of which the record is in much confusion, rendering it difficult to determine what issues were really submitted to the jury.

The case has been submitted without argument or reference to authorities upon any of the points arising upon the pleadings, the counsel for the appellee admitting that there is error in the rendition of the judgment by the Circuit Court.

Under such circumstances, we deem it improper to express a decided opinion upon the merits of the controversy between the parties. As at present advised, however, we see no reason why an action for a breach of the conditions of this bond may not be sustained.

This is an action of debt; the trial was by jury. The verdict and judgment of the Court are both in damages for the sum of $400. The finding of the jury and the judgment of the Court are not responsive to the issues made. There can be no assessment of damages unless the debt be first found. This defect in the verdict could not have been corrected in the Circuit Court after the jury had delivered their verdict and been discharged. The Circuit Court could enter no proper judgment upon such a verdict.

In cases like the present, the decisions of this Court have been uniform, that the error cannot be corrected in this Court by the rendition of the proper judgment. *Jones* v. *Lloyd*, Breese, 174; *Jackson* v. *Haskell*, 2 Scam. 565; *Heyl* v. *Stapp*, 3 do. 95; *Frazier* v. *Laughlin*, 1 Gilm. 367; *Mager* v. *Hutchinson*, 2 do. 266.

The judgment of the Circuit Court is reversed at the costs of the appellee, and the cause remanded with directions to that Court to award a *venire de novo*.

*Judgment reversed.*